## Burke v. Bowen

*Steven Kapustin,* for plaintiff.
*Louis F. Barth,* for defendants.

JAMISON, *J.,* February 1, 1978—Plaintiff's motion for physical examination of defendant, Esther M. Bowen, under Pa.R.C.P. 4010, satisfies the requirements set forth in Schlagenhauf v. Holder, 379 U.S. 104 (1964), that there be an affirmative showing by plaintiff that defendant's physical condition is genuinely in controversy and that the motion for physical examination is sought in good faith: 379 U.S. at 118.

The pleadings as well as information obtained from defendant through deposition indicate that defendant had operations for cataracts on both eyes prior to the accident and that her peripheral vision and depth perception are depleted as a result of the operations. Defendant's visual capacity at the time of the collision between plaintiff and defendant is clearly material. As Justice Black stated in his concurring opinion in Schlagenhauf: "In a collision case like this one, evidence concerning very bad eyesight or impaired mental or physical health which may affect the abilities to drive is obviously of the highest relevance." 379 U.S. at 123.

It thus appears that plaintiff's motion is sought in good faith and is not intended as harassment nor is it an invasion of defendant's right of privacy.

## ORDER

And now, February 1, 1978, defendant, Esther M. Bowen, is directed to appear for a physical and ophthalmological examination by Dr. Richard A. Ellis, 255 South Seventeenth Street, Philadelphia, Pa. 19103, at a time and date mutually convenient to the parties and counsel, in the presence of Steven Kapustin, Esq., Gary V. Gittleman, Esq., and John F. Barth, Esq., or their representative, if desired.